## NATIONAL CHEMICAL & FERTILIZER CO. v. SWIFT & CO.

### (Circuit Court, N. D. Illinois, N. D.  March 3, 1900.)

### No. 22,750.

PATENTS—CONSTRUCTION OF CLAIMS—UNCERTAINTY.

> The Van Ruymbeke patent, No. 367,732, for a fertilizing material obtained by a treatment of concentrated tank water, does not describe the product in its specification or claim in such full, clear, and exact terms as to enable a person skilled in the art to compound the same or to determine its composition, and is therefore void for lack of certainty.

In Equity.  Suit for infringement of a patent.  On final hearing.

Coburn, Hibben & McElroy, for complainant.

Bond, Adams, Pickard & Jackson, for defendants.

KOHLSAAT, District Judge.  Complainant brings this suit to restrain the alleged infringement of patent No. 367,732, issued August 2, 1887, covering "the within nitrogenous fertilizing material, consisting of undecomposed, coagulated albuminoids of concentrated tank waters, freed from undue deliquescence and viscidity." This product it claims to secure by the proper use of a solution of sulphate of iron applied to the "soup" (as tank water is termed), and the whole then subjected to 300° Fahrenheit, preferably by steam. It is then placed in an open vessel, spread out to a thickness of about one inch, and subjected for 10 hours to 350° Fahrenheit, when it will become brittle and easy of pulverization.  The relative proportions of the ingredients are to be ascertained only by experiment.  Other chemicals, such as sulphate of aluminum, alum, acetate of lead, and tannin, are admitted approximate equivalents. Complainant originally applied for a patent for the process of manufacturing said product, but the application was denied.  Defendant is using the process substantially covered by the Joslin patent, No. 495,042, issued April 11, 1893, as summed up in claim 5 thereof. The "soup" is first concentrated by evaporation or distillation to the consistency of sirup, and is then termed "stick."  To this substance defendant adds sulphuric acid of 60 per cent. to 66 per cent. strength, to the amount of 2 per cent. of the solids.  This, defendant claims, decomposes the "stick."  There is then added, in solution, enough of sulphates obtained by dissolving waste fuller's earth in sulphuric acid, to amount to 8 per cent. on dry basis, other substances are then added, and the whole dried.  Complainant claims by its process to coagulate the albuminoids so as to afford resistance to moisture and freedom from stickiness, and at the same time preserve all the strength of the "soup" for the fertilizing product, and insists that decomposition, which, it asserts, frees a great part of the valuable properties of the "soup," is thereby avoided. As above stated, defendant claims that its process includes decomposition, as one of its steps.  Complainant replies that the sulphuric acid used by defendant is so inconsiderable that it has little or no effect, and is only used as a cover to its infringement.  From

complainant's only claim, it appears that its product, being a nitrogenous fertilizing material, "consists of the undecomposed, coagulated albuminoids of concentrated tank waters, freed from undue deliquescence and viscidity"; but it is apparent that such is not the case, for the albuminoids constitute only a small part of the resultant product. From the specification it is apparent that complainant claims that its product consists of a precipitation of approximately all the solids of the tank water, and that the other products in evidence herein are the results of processes which eliminate a great part of the nutritive elements of the precipitate. While the constituent ingredients of complainant's product, and their proportions, are unknown, it is apparent from the claim and specifications of the Van Ruymbeke patent that it differs from the prior art only in degree, if at all. The only test which the evidence discloses to sustain complainant's claim of infringement is the alleged fact that defendant's process is identical with complainant's, and that therefore the resulting product must be identical. Having been denied a patent for its process, it is difficult to comprehend how the process, taken alone, can be so construed as to constitute a basis for determining the novelty or infringeable character of the two products. There is no sufficient evidence in the record to enable the court to accurately determine (1) what complainant's product really consists of; (2) what defendant's product really is; and (3) whether they are identical. This uncertainty must be solved in favor of defendant. Complainant's product is not, in its specifications or claim, described in "such full, clear, concise, and exact terms" as to enable any person skilled in the art to which it appertains to compound the same; nor could such person determine whether a given substance is of the same composition as the product covered by the patent. The patent does not meet the requirements of the statute and decisions in this regard, and is therefore void for lack of certainty. The bill is dismissed for want of equity.